UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SAMUEL STEEL, III,

        Plaintiff,           Case No. 1:15-cv-1094

v.                                   Honorable Janet T. Neff

MICHAEL KELLY et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed.

**Factual Allegations**

Plaintiff Samuel Steel, III, is a state prisoner incarcerated with the Michigan Department of Corrections, though the events about which he complains occurred prior to his incarceration. He sues the following officials who work for the Kalamazoo Department of Public

Safety: Detective Matt Schemenover, Detective (Unknown) Ghiringhelli, Sergeant Michael Kelly, Eric Shaffer, Derrick Turner, Daniel Smith, Michael Skurski, Justin Wonders, and Officer Daniel Guids.

Plaintiff alleges that, on November 10, 2011, Defendant Shaffer arrested Plaintiff and his wife for no reason, and used excessive force by "placing guns in their faces[.]" (Compl., ECF No. 1, PageID.5.) Officer Shaffer then took Plaintiff and his wife to their home and kept them under arrest. Defendants Kelly, Ghiringhelli, Guids, Skurski, Smith, Turner, Wonders, and Schemenover failed to correct the foregoing conduct, and further violated Plaintiff's rights by executing a search warrant at Plaintiff's residence that was not supported by probable cause. Defendants also allegedly exceeded the scope of the warrant by searching Plaintiff and his wife, their vehicle, and her purse. Plaintiff subsequently pleaded guilty to distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). *See United States v. Steel*, No. 1:12-cr-236 (W.D. Mich.). As relief, Plaintiff seeks punitive and compensatory damages for the alleged violations of his Fourth Amendment rights.

**Discussion**

I. *Heck v. Humphrey*

Plaintiff sues Defendants for illegally arresting him, illegally searching his person, his vehicle, his home, and his wife's purse, and for using excessive force in the course of the arrest.[1] Some of these claims appear to be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or

---

[1]Plaintiff also claims that Defendants illegally searched his wife. This allegation does not give rise to a claim because Fourth Amendment rights are personal to the individual. The search of Plaintiff's wife does not implicate Plaintiff's rights, and Plaintiff does not have standing to assert the rights of his wife. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Moreover, as a layman, Plaintiff may only represent himself with respect to his own claims; he may not act on behalf of others. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973). Thus, the search of his wife does not state a claim.

- 2 -

imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). Under *Heck*, a state prisoner cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

1. Illegal Searches

Plaintiff alleges that he was subject to several illegal searches, in violation of the Fourth Amendment. The searches ostensibly resulted in the discovery of heroin in Plaintiff's possession. (Ex. 1 to Compl., Incident/Investigation Report, ECF No. 1, Page ID.20.) An illegal-search claim can undermine the validity of a conviction if it "produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008). At this stage of the proceedings, it is not clear whether and how this evidence was used to establish Plaintiff's conviction, or whether any legal doctrine would have saved it from exclusion despite a Fourth Amendment violation. However, Plaintiff does not allege any compensable injury resulting from these searches. Indeed, the only conceivable injury

resulting from the search and seizure of the heroin evidence is Plaintiff's conviction. Plaintiff is not entitled to compensation for such injury until his conviction has been overturned. *Heck*, 512 U.S. at 487 n.7. Consequently, any claims based on the illegal search and seizure of evidence appear to be barred by *Heck*. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (illegal-search claim barred by *Heck* because a conviction resulting from the seizure of incriminating evidence is not a compensable injury).

### 2. Illegal Arrest

Plaintiff also claims that he was arrested without justification. A claim of arrest without probable cause is generally barred by *Heck* when (1) the damages sought are based on the conviction or imprisonment thereon, or (2) success on the Fourth Amendment claim would "negate an element of the offense of which [Plaintiff] has been convicted." *Heck*, 512 U.S. at 487 n.6. Construing the complaint generously, Plaintiff ostensibly seeks damages for the brief period during which he was arrested and detained prior to being prosecuted for his drug offense, rather than damages for his conviction and subsequent confinement. Moreover, Plaintiff's conviction for distribution of heroin is not dependent upon the legality of his arrest. Success on the arrest claim would not negate an element of his offense or otherwise undermine the validity of his conviction. Consequently, this claim does not appear to be barred by *Heck*.

### 3. Excessive Force

Plaintiff also claims that certain Defendants used excessive force on him during the course of the arrest. Such a claim has no bearing on the validity of his conviction. Thus, it is not barred by the rule in *Heck*.

In short, some of Plaintiff's claims, particularly his claims regarding the illegal searches which led to the discovery of heroin, appear to be barred by the rule in *Heck*. Other claims are not so barred. Nevertheless, as explained in the next section, any claims that are not barred by *Heck* are subject to dismissal because they are untimely.

II. Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2] However, claims that are barred by *Heck* do not accrue until the state conviction has been overturned. *Heck*, 512 U.S. at 489-90; *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014). Claims that are not so barred do not benefit from this rule.

Plaintiff asserts claims arising from conduct occurring in November of 2011. Plaintiff had reason to know of the "harms" done to him as a result of the arrests and searches at the time they occurred. Hence, any claims that are not barred by *Heck* accrued in November 2011.

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

However, he did not file his complaint until September 2015, well past Michigan's three-year limit. Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 757 F.3d 508, 511 (6th Cir. 2001); *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003). Accordingly, Plaintiff's action will be dismissed. *Cf. Hunt*, 482 F. App'x at 22 (dismissing complaint as *Heck*-barred, or as untimely to the extent that *Heck* does not apply).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). To the extent that Defendants searched Plaintiff's wife, Plaintiff does not state a claim. The remainder of Plaintiff's claims are either barred by the rule in *Heck* or barred by the statute of limitations applicable to § 1983.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated: December 14, 2015        /s/ Janet T. Neff
        Janet T. Neff
        United States District Judge