UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAMUEL STEEL, III,

                  Plaintiff,                                        Hon. Janet T. Neff

v.                                                                  Case No. 1:15-cv-1094

MICHAEL KELLY, et al.,

                  Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment.  (ECF No. 24).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.


## BACKGROUND

Plaintiff initiated this action on September 1, 2015, alleging three causes of action arising from his November 10, 2011 arrest: (1) use of excessive force; (2) illegal search; and (3) false arrest. (ECF No. 1).  On screening, the Court dismissed all three claims for failing to comply with the relevant statute of limitations.  (ECF No. 8-11).  On appeal, the Sixth Circuit affirmed the dismissal of Plaintiff's excessive force and illegal search claims.  (ECF No. 18).  With respect to Plaintiff's false arrest claim, however, the Sixth Circuit concluded that "it is not clear on the current record whether Steel's false arrest claim was untimely."  (ECF No. 18 at PageID.93).  Accordingly, the Sixth Circuit reversed the dismissal of Plaintiff's false arrest claim and remanded the matter to this Court for "further development of the record." (ECF No. 18 at PageID.93).  Service of Plaintiff's complaint was subsequently effected

and a Case Management Order entered permitting the parties to conduct discovery.  Defendants now

move for summary judgment on the ground that Plaintiff's false arrest claim was not timely filed.


## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the

respondent, having had sufficient opportunity for discovery, has no evidence to support an essential

element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving

party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the

non-moving party "must identify specific facts that can be established by admissible evidence, which

demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving

party, the party opposing the summary judgment motion "must do more than simply show that there is

some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere

"scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v.

Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere

allegations," but must instead present "significant probative evidence" establishing that "there is a

genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary

judgment by "simply arguing that it relies solely or in part upon credibility determinations."  *Fogerty

v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

When determining the limitations period applicable in a § 1983 action, courts must borrow the statue of limitations which governs personal injury actions in the state in which the § 1983 action was initiated. *See Owens v. Okure*, 488 U.S. 235, 239-41 (1989); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(10). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990); *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir., Jan. 3, 2006).[1]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001); *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

---

[1] The *Hardin* and *City of Hamtramck* courts identified the relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

As the Sixth Circuit observed below, a claim for false arrest accrues "at the time of arrest or, at the latest, when detention without legal process ends." (ECF No. 18 at PageID.93). Plaintiff alleges that his November 10, 2011 arrest was not accomplished pursuant to a warrant and was, therefore, without legal process. Defendants do not dispute this. The evidence submitted by Defendants, however, reveals that Plaintiff was also released on bond the very same day. (ECF No. 25-2 at PageID.131-32). Thus, Plaintiff's "detention without legal process" terminated on November 10, 2011, rendering untimely the present action initiated on September 1, 2015.

Plaintiff argues that his claim for false arrest did not accrue until he was formally charged with a crime on September 19, 2012. Had Plaintiff remained in police custody from November 10, 2011, through September 19, 2012, this argument might have merit. Plaintiff's argument, however, ignores that he was released on bond on November 10, 2011. *See, e.g., White v. Hiers*, 652 Fed. Appx. 784, 786 (11th Cir., June 9, 2016) (where plaintiff was arrested and released on bail later the same day, his claim for false arrest accrued upon his release on bail notwithstanding fact he was not arraigned until several months later); *Stevenson v. Grace*, 356 Fed. Appx. 97, 98 (10th Cir., Oct. 26, 2009) (a claim for false arrest accrues "when the victim is released from custody or when the victim is bound over on charges, whichever occurs first"). Accordingly, the undersigned concludes that Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 24), be **granted** and this action **terminated**. The undersigned further

recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 27, 2017                         /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge